IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| Brian Williams, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | **Civil Action No.** 2:17-cv-130 |
| | § | |
| Indiana Mills & Manufacturing Inc., and | § | |
| CNH Industrial America LLC | § | |
| D/B/A Case Construction, | § | |
| | § | |
| *Defendants.* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**To the Honorable Judge of Said Court:**

COME NOW, Brian Williams (hereinafter referred to as "Plaintiff"), and respectfully files this Original Complaint against Indiana Mills & Manufacturing Inc. and CNH Industrial America LLC d/b/a Case Construction (hereinafter referred to as "Defendants"), and in support hereof would state and show the following:

### I. Parties

1.     Plaintiff, Brian Williams is an individual. He resides in and is a citizen of Victoria, Texas.

2.     Defendant, Indiana Mills and Manufacturing Inc. is a foreign Corporation doing business in Texas, and service of process upon this Defendant may be had by

Plaintiff's Original Complaint
Page 1 of 12

serving its registered agent for service, CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

3.    Defendant, CNH Industrial America LLC is a foreign Corporation doing business in Texas, and service of process upon this Defendant may be had by serving its registered agent for service, CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

## II. Jurisdiction

4.    This Court has jurisdiction over the lawsuit under the provisions of 28 U.S.C. Section 1332.

5.    The parties to this lawsuit are citizens of different states, and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

## III. Facts

6.    On or about August 13, 2015, Brian Williams was operating a PT 240 Pneumatic Tire Roller (VIN#DDDPT240NENTN750) traveling on FM 444 in Victoria County, Texas.

7.    The subject vehicle and seatbelt were designed by Defendants.

8.    The subject vehicle and seatbelt were manufactured by Defendants.

9.    The subject vehicle and seatbelt were also assembled and tested by Defendants.

10.    At some point the Pneumatic Roller left the roadway and tipped over on its side.

11.   At the time of the accident, Brian Williams was properly seated and properly wearing the available seat belt.

12.   However, despite being properly seated and properly wearing the available seat belt, Brian Williams was seriously when the vehicle failed to protect him because it violated several crashworthiness principles.

13.   There are five (5) recognized crashworthiness principles in the automobile industry/throughout the world.  They are as follows:

    a.   Maintain survival space;

    b.   Provide proper restraint throughout the entire accident;

    c.   Prevent ejection;

    d.   Distribute and channel energy; and

    e.   Prevent post-crash fires.

## IV. Cause(s) of Action as to Defendant Indiana Mills and Manufacturing Inc.

14.   It was entirely foreseeable to and well-known by Defendants that accidents and incidents involving its restraint systems, such as occurred herein, would on occasion take place during the normal and ordinary use of said vehicle.

15.   The injuries complained of occurred because the restraint system in question was not reasonably crashworthy, and was not reasonably fit for unintended, but clearly foreseeable, accidents. The restraint system in question was unreasonably dangerous in the event it should be involved in an incident such as occurred herein.

16. Defendant, either alone or in conjunction with some other individual(s) and/or entity(ies), designed, manufactured, marketed, assembled, and/or tested said restraint system in question.

17. As detailed herein, the restraint system contains and/or Defendant has committed either design, manufacturing, marketing, assembling, and/or testing defects.

18. Defendant either knew or should have known of at least one safer alternative design which would have prevented the serious injuries to the Plaintiff.

19. In addition to the foregoing, Defendant, either alone or in conjunction with some other individual(s) and/or entity(ies), designed, manufactured, marketed, assembled, and/or tested said restraint system in question to be unreasonably dangerous and defective within the meaning of Section 402(A) Restatement (Second) Torts, in that the vehicle was unreasonably dangerous as designed, manufactured, assembled, marketed, and/or tested because Defendant knew and/or should have known of the following, non-exhaustive list of defects:

    a.    The vehicle failed to provide proper restraint throughout the entire accident.

    b.    The restraint system failed to provide adequate protection throughout the entire accident;

    c.    The vehicle violated principles of crashworthiness by not providing proper restraint;

    d.    The vehicle violated the purpose of a seatbelt;

    e.    The restraint system failed to serve the purpose of a seatbelt restraint;

    f.    The restraint system was defective and unreasonably dangerous;

    g.    The restraint system failure was the producing cause of the serious injuries and damages;

Plaintiff's Original Complaint
Page 4 of 12

h.   Defendant failed to conduct adequate testing;

i.   The Defendant failed to conduct thorough engineering analysis;

j.   The vehicle's restraint system is prone to unbuckle;

k.   The vehicle's buckle fails to stay latched;

l.   The vehicle's buckle is prone to unlatch;

m.   The restraint system violated the principles and purpose of a restraint system; and

n.   The defects were the direct, producing and proximate cause of the injuries and damages in question.

20.   Defendant was negligent in the design, manufacture, assembly, marketing, and/or testing of the restraint system in question.

21.   In designing a restraint system, efforts should be made by manufacturers to identify potential risks, hazards, and/or dangers that can lead to serious injury or death.

22.   Once potential risks, hazards, and/or dangers are identified, then the potential risks, hazards, or dangers should be eliminated if possible.

23.   If the potential risks, hazards, and/or dangers can't be eliminated, then they should be guarded against.

24.   If the potential risks, hazards, and/or dangers can't be eliminated or guarded against, they should at least be warned about.

25.   A company that does not conduct a proper engineering analysis that would help it to identify potential risks, hazards, and/or dangers that could seriously injure someone is negligent.

26.   Based upon information and/or belief, Defendant either used or knew about advanced safety features used in Europe, Australia, Japan and some other country and chose not to offer those safety features to American consumers.

27. Defendant's occupant protection philosophy and design philosophy are utilized in various model vehicles, including ones sold overseas in other markets.

28. When Defendant designed the subject restraint system, it did not reinvent the wheel. Defendant used an enormous amount of human capital which had been acquired from numerous different engineers which had worked on many prior restraint systems. This knowledge would have been utilized in different aspects of the various designs of the subject restraint system.

29. Defendant is currently in exclusive possession and control of all the technical materials and other documents regarding the design, manufacture, and testing of the vehicle in question. Defendant is also in possession of what, if any, engineering analysis it performed.

30. However, it is expected that after all of these materials are produced in discovery and/or after Defendant's employees and corporate representatives have been deposed, additional allegations may come to light.

31. Lastly, the materials from other models, years, and countries will provide evidence regarding what Defendant knew, when it knew it, and about what was utilized or not utilized as well as the reasons why.

32. The foregoing acts and/or omissions of Defendant were the producing, direct, and/or proximate cause of the Plaintiff's serious injuries and Plaintiff's damages.

## V. Cause(s) of Action to Defendant CNH Industrial America LLC

## d/b/a Case Construction

33.   It was entirely foreseeable to and well-known by Defendant that accidents and incidents involving its vehicles, such as occurred herein, would on occasion take place during the normal and ordinary use of said vehicle.

34.   The injuries complained of occurred because the vehicle in question was not reasonably crashworthy, and was not reasonably fit for unintended, but clearly foreseeable, accidents. The vehicle in question was unreasonably dangerous in the event it should be involved in an incident such as occurred herein.

35.   Defendant, either alone or in conjunction with some other individual(s) and/or entity(ies), designed, manufactured, marketed, assembled, and/or tested said vehicle in question.

36.   As detailed herein, the vehicle contains and/or Defendant has committed either design, manufacturing, marketing, assembling, and/or testing defects.

37.   Defendant either knew or should have known of at least one safer alternative design which would have prevented the serious injuries to the Plaintiff.

38.   In addition to the foregoing, Defendant, either alone or in conjunction with some other individual(s) and/or entity(ies), designed, manufactured, marketed, assembled, and/or tested said vehicle in question to be unreasonably dangerous and defective within the meaning of Section 402(A) Restatement (Second) Torts, in that the vehicle was unreasonably dangerous as designed, manufactured, assembled,

marketed, and/or tested because Defendants knew and/or should have known of the

following, non-exhaustive list of defects:

a. The vehicle failed to provide adequate occupant protection in a tip over or rollover event;

b. The vehicle failed to provide any protection for partial ejection of limbs;

c. The vehicle failed to provide any device to provide ejection mitigation of arms or legs;

d. The vehicle failed to contain leg sweepers, leg partition or any device that would prevent the leg from being ejected;

e. The vehicle failed to contain safer alternative designs that would have prevented the risks, hazard and danger of partial ejection;

f. The Defendant knew that rollover and tip over events of its vehicle was a frequent and foreseeable event;

g. The Defendant knew that rollover and tip over events could cause partial ejection to upper and/or lower limbs to users who were belted or unbelted;

h. The Defendant knew that other vehicles had partial ejection mitigation designs in place;

i. The Defendant itself has studied the concept of preventing partial ejection mitigation of the arms and legs;

j. The failure to use the partial ejection mitigation safer alternative designs rendered the vehicle defective and unreasonably dangerous;

k. The defect was the producing case of the injuries and damages in question;

l. The Defendant failed to conduct appropriate engineering analysis to design away, guard against and warn about the risks, hazard and dangers of limb ejection;

m. The Defendant failed to conduct FMEA, DFMA, fault tree analysis, risk hazard analysis, root cause analysis and other engineering techniques to address the risks, hazards and dangers associated with partial limb ejection; and

n. The Defendant's negligence was the proximate cause of the injuries and damages in question.

39. Defendant failed to conduct proper testing and engineering analysis during the design, development and testing of the vehicle.

40. Defendant was negligent in the manufacture, assembly, marketing, and/or testing of the vehicle in question.

41. In designing a vehicle, efforts should be made by manufacturers to identify potential risks, hazards, and/or dangers that can lead to serious injury or death;

42. Once potential risks, hazards, and/or dangers are identified, then the potential risks, hazards, or dangers should be eliminated if possible.

43. If the potential risks, hazards, and/or dangers can't be eliminated, then they should be guarded against.

44. If the potential risks, hazards, and/or dangers can't be eliminated or guarded against, they should at least be warned about.

45. A company that does not conduct a proper engineering analysis that would help it to identify potential risks, hazards, and/or dangers that could seriously injure someone is negligent.

46. Based upon information and/or belief, Defendant either used or knew about advanced safety features used in Europe, Australia, Japan and some other country and chose not to offer those safety features to American consumers.

47. Defendant's occupant protection philosophy and design philosophy are utilized in various model vehicles, including ones sold overseas in other markets.

48. When Defendant designed the subject vehicle, it did not reinvent the wheel. Defendant used an enormous amount of human capital which had been acquired from

numerous different engineers which had worked on many prior vehicle. This knowledge would have been utilized in different aspects of the various designs of the subject vehicle.

49.   Defendant is currently in exclusive possession and control of all the technical materials and other documents regarding the design, manufacture, and testing of the vehicle in question. Defendant is also in possession of what, if any, engineering analysis it performed.

50.   However, it is expected that after all of these materials are produced in discovery and/or after Defendant's employees and corporate representatives have been deposed, additional allegations may come to light.

51.   Lastly, the materials from other models, years, and countries will provide evidence regarding what Defendant knew, when they knew it, and about what was utilized or not utilized as well as the reasons why.

52.   The foregoing acts and/or omissions, design defects and negligence of Defendant were the producing, direct, proximate and legal cause of the Plaintiff's serious injuries and Plaintiff's damages.

## VI. Damages to Plaintiff

53.   As a result of the acts and/or omissions of one or more of the Defendants, Plaintiff Brian Williams has endured pain and suffering, mental anguish, emotional distress, impairment, and disfigurement, interference with his daily activities and a reduced capacity to enjoy life as a result of his injuries.

54.  As a result of the acts and/or omissions of one or more of the Defendants, Plaintiff Brian Williams has become obligated to pay extensive medical expenses as a result of his injuries.

55.  As a result of the acts and/or omissions of one or more of the Defendants, Plaintiff Brian Williams has suffered lost wages in the past and in all likelihood will into the future as a result of his injuries.

56.  As a result of the acts and/or omissions of one or more of the Defendants, Plaintiff Brian Williams has suffered lost wages and diminished earning capacity as a result of his injuries.

57.  The above and foregoing acts and/or omissions of one or more of the Defendants, resulting in the serious injuries of Brian Williams, have caused actual damages to Plaintiff in an amount within the minimum jurisdictional limits of this Court.

## VII. Prayer

58.  For the reasons presented herein, Plaintiff prays that Defendants be cited to appear and answer, and that upon a final trial of this cause, Plaintiff recovers judgment against Defendants for:

    a.   actual damages;
    b.   economic and non-economic damages;
    c.   prejudgment and post-judgment interest beginning August 13, 2015;
    d.   costs of suit; and
    e.   all other relief, general and special, to which Plaintiff is entitled to at law and/or in equity, and/or which the Court deems proper.

Respectfully submitted,

**The TRACY firm**


   s/ E. Todd Tracy
E. Todd Tracy (Attorney-in-Charge)
State Bar No. 20178650
EToddTracy@vehiclesafetyfirm.com
Stewart D. Matthews
State Bar No. 24039042
SMatthews@vehiclesafetyfirm.com
Andrew G. Counts
State Bar No. 24036408
ACounts@vehiclesafetyfirm.com
4701 Bengal Street
Dallas, Texas  75235
(214) 324-9000 – Phone
(972) 387-2205 – Fax


And


**COLE EASLEY SCIBA & WILLIAMS, P.C**

Justin Williams
State Bar No. 21555800
jwilliams@cce-vic.com
719 Shoreline, Suite 200
Corpus Christi, Texas 78401

**Attorneys for Plaintiff**

Plaintiff's Original Complaint
Page 12 of 12